FAIR, J.,
dissenting.'
¶22. I must respectfully dissent as I find that circuit judge correctly held that Highland Colony should not delay payment to Gouras of the balance of his compensation in an amount agreed on by both parties. The Schedule for payment does not specify that, as the majority holds, in order for Gouras to be paid, Highland Colony must “actually receive” all the funds used for the Project. Amounts sufficient to pay Gouras’s fees of $85,700.24 were paid directly to Highland Colony in the amount of $32,143,325 with the remainder placed into the Reserve Fund. In context, the total amount due Gouras, to become payable as adjudicated by the majority in 2029 and 2031, is a little more than a quarter of 1% (.00266619% actually) of what was paid to Highland Colony.
¶ 23.' Gouras fulfilled his obligation under the 2Ú03 contract when he secured $35,000,000 in funding for the Project. His fees were payable when almost 99.75% those funds were disbursed to Highland Colony. The $35,000,000 was “obtained for the use and benefit of the Project,” as specified in the contract between Highland Colony and Gouras. Any delay for release of all of those funds to Highland Colony to pay those expenses was the result of an agreement to which Gouras was not a party. Thus, Highland Colony should not delay Gouras’s payment based on the SRA or the City’s subsequent creation’of the Reserve Fund. Highland Colony’s ensuing dealings with the City does not alter his or Gouras’s performance under the 2003 contract. I would affirm the circuit court’s grant of summary judgment in favor of Gouras.
ISHEE AND ROBERTS, JJ., JOIN THIS OPINION.